David H. Weinstein (SBN 43167)
Steven A. Asher
Mindee J. Reuben
Jeremy S. Spiegel
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, Pennsylvania  19103
Telephone: (215) 545-7200
Facsimile: (215) 545-6535
Email:  weinstein@wka-law.com

*Attorneys for Plaintiff Bryon Bishop
in the Potentially Consolidated Case
Bryon Bishop v. Electronic Arts, Inc., et al.,
Case No. CV-09-4128 (CW).*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL MICHAEL KELLER, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS, INC., NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, and COLLEGIATE LICENSING COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 09-1967 (CW)<br><br>**PLAINTIFF BRYON BISHOP'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF BISHOP (CV- 09-4128 (CW)) AND KELLER (CV-09-1967 (CW)) ACTIONS PURSUANT TO FED. R. CIV. P. 42**<br><br>Date:        November 19, 2009<br>Time:       2:00 p.m.<br>Judge:      Hon. Claudia Wilken<br>Courtroom: 2, 4th Floor |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Please take notice that on November 19, 2009, at 2:00 p.m., or as soon as the matter may

---

MOTION FOR CONSOLIDATION OF BISHOP AND KELLER ACTIONS  Case Nos. CV-09-4128 (CW) and CV-09-1967 (CW)     - 1 -

be heard[1] before the Honorable Judge Claudia Wilken of the United States District Court for the Northern District of California, Oakland Division, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California 94612, Plaintiff Bryon Bishop ("Plaintiff") will hereby move pursuant to Fed. R. Civ. P. 42 for an order consolidating *Bryon Bishop v. Electronic Arts, Inc., National Collegiate Athletic Association and Collegiate Licensing Company*, No. CV-09-4128 (CW) ("*Bishop* Action") with *Samuel Michael Keller v. Electronic Arts, Inc., National Collegiate Athletic Association and Collegiate Licensing Company*, No. CV-09-1967 (CW) ("*Keller* Action"). The consolidation of the *Bishop* Action and the *Keller* Action is appropriate because the cases involve common issues of law and fact, and because consolidation will avoid unnecessary duplication of evidence, unnecessary procedures and inconsistent adjudications in this Court.

This Motion is based on the notice of motion, the supporting memorandum of points and authorities, and any other papers filed in this action.

---

[1] Per this Court's Order of September 23, 2009 (Doc. 93), filed in the related matter of *Samuel Michael Keller v. Electronic Arts, Inc., National Collegiate Athletic Association, and Collegiate Licensing Company*, No. CV-09-1967 (CW), this Court will hear argument on the motions to dismiss filed by defendants in *Keller*; the motion for consolidation filed by plaintiffs in *Keller* and in *Edward C. O'Bannon, Jr. v. National Collegiate Athletic Association, et al.*, No. CV-09-3329 (CW); and the motion to appoint lead counsel filed by plaintiffs in *Keller* and *O'Bannon* on November 17, 2009, at 2:00 p.m. All cases, *Bishop*, *Keller*, and *O'Bannon*, are scheduled for a case management conference on November 17 as well. *See* Doc. 93 (*Keller* Action); Doc. 9 (*Bishop*) Action.

# TABLE OF CONTENTS

I.   STATEMENT OF ISSUES TO BE DECIDED…………………………………………5

II.  INTRODUCTION………………………………………………………………………5

III. BACKGROUND……………………………………………………………………...5

IV.  ARGUMENT……………………………………………………………………………6

   The *Bishop* And *Keller* Actions Should Be
   Consolidated For All Purposes..…………………………………………..……6

V.   CONCLUSION……………………………………………………………………8

# TABLE OF AUTHORITIES

**Cases**

*Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)……………………………………6

*In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998)……………………………….6

*In re Equity Funding Corp. of Am. Sec. Litig.*,
416 F. Supp. 161, 175 (C.D. Cal. 1976)…………………………………………………………..6

*Investors Research Co. v. U.S. District Court for Cent. Dist.*,
877 F.2d 777, 777 (9th Cir. 1989)……………………………………………………………….6

*Owen v. Labor Ready Inc.*, 146 Fed. Appx. 139, 141 (9th Cir. 2005)………………………..6

*Perez-Funez v. Dist. Director, Immigration and Naturalization Serv.*,
611 F. Supp. 990, 994 (C.D. Cal. 1984)……………. …………………………………………… 6

*Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 773 (9th Cir. 1977)………..………………..6

**Rules**

Fed. R. Civ. P. 42…………………………………………………………………………………..5

N.D. Cal. Civil L.R. 7-4……………………………………………………………………………5

**Treatises**

Manual for Complex Litigation, Fourth……………………………………………………………6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Civil L.R. 7-4, Plaintiff Bryon Bishop ("Plaintiff"), plaintiff in the *Bishop* Action, states that the issue to be decided is whether:

> *Bryon Bishop v. Electronic Arts, Inc., National Collegiate Athletic Association, and Collegiate Licensing Company*, No. CV-09-4128 (CW) ("*Bishop* Action") should be consolidated with *Samuel Michael Keller v. Electronic Arts, Inc., National Collegiate Athletic Association, and Collegiate Licensing Company*, No. CV-09-1967 (CW) ("*Keller* Action") pursuant to Rule 42 of the Federal Rules of Civil Procedure.

## II. INTRODUCTION

Per this Court's Order of October 2, 2009 (No. CV-09-4128, Doc. No. 9), the *Bishop* Action and the *Keller* Action have been deemed related pursuant Civil L.R. 3-12. Plaintiff Bishop now seeks consolidation of these two Actions pursuant to Federal Rule of Civil Procedure 42(a). The Actions involve common questions of law and fact, and are substantially identical such that consolidation will promote efficient handling and resolution of the Actions.

## III. BACKGROUND

On September 4, 2009, Plaintiff Bishop, individually and on behalf of a class of current and former NCAA football and basketball players, commenced an action against three defendants: (1) Electronic Arts, Inc. ("Electronic Arts"); (2) National Collegiate Athletic Association ("NCAA"); and (3) Collegiate Licensing Company ("CLC"). Plaintiff Bishop is represented by the law firm of Weinstein Kitchenoff & Asher LLC. *See* WKA firm resume, Exhibit 1 to Declaration of Steven A. Asher, attached hereto.

Bishop's case arises out of claims that defendants improperly utilized the likenesses of NCAA football and basketball players in video games produced by defendant Electronic Arts. His

case is substantially similar to a case filed on May 5, 2009, *Samuel Michael Keller v. Electronic Arts, Inc., National Collegiate Athletic Association, and Collegiate Licensing Company*, No. CV-09-1967 (CW), involving the same putative class, defendants, and claims. Plaintiff Keller is represented by the law firm of Hagens Berman Sobol Shapiro LLP. *See* Doc. 81, *Keller* Action (motion for appointment as interim lead counsel).

## IV.   ARGUMENT

The *Bishop* and *Keller* Actions should be consolidated for all purposes.

Consolidation pursuant to Rule 42(a) is appropriate when actions involve common questions of fact and law. *See* Manual for Complex Litigation, Fourth, § 11.631 (2004); *Owen v. Labor Ready Inc.*, 146 Fed. Appx. 139, 141 (9th Cir. 2005); *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). Courts have broad discretion under this Rule to consolidate cases. *Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989); *Perez-Funez v. Dist. Director, Immigration and Naturalization Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) ("A Court has broad discretion in deciding whether or not to grant a motion for consolidation, although, typically, consolidation is favored." (citations omitted)).

Courts have recognized that class actions, in particular, are well-suited for consolidation pursuant to Rule 42(a) because consolidation expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 773 (9th Cir. 1977); *Owen*, 146 Fed. Appx. at 141 (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)). Consolidating class action lawsuits simplifies pretrial and discovery motions, class action issues, and clerical and administrative management

duties.[2] Consolidation also reduces the confusion and delay that may result from prosecuting related putative actions separately. *Id.*

Here, the two Actions involve common issues of fact and law: First, both Actions are brought on behalf of the same plaintiff class, *i.e.*, all current or former student athletes who competed in Division I basketball or football pursuant to the Rules of the NCAA and whose likenesses have been used in a video game produced by defendant Electronic Arts without consent or compensation.

Second, both cases name the same defendants, *i.e.*, Electronic Arts, NCAA and the CLC.

Third, both cases allege substantially the same claims against defendants:

- Count I of the *Bishop* complaint alleges that the NCAA has conspired and continues to conspire with Electronic Arts and CLC to use plaintiff's and class members' valuable likenesses without consent in violation of Section 32-36-1-1 of the Indiana Code. This Count corresponds to Count I of the *Keller* complaint, in which substantially the same allegation is set forth.

- Count II of the *Bishop* complaint alleges that Electronic Arts knowingly and intentionally misappropriated and continues to misappropriate the names and likenesses of plaintiff and class members by using their names and likenesses in video games that it produces without plaintiff's and class members' consent in violation of Section 3344 of the California Civil Code. This Count corresponds to Count II of the *Keller* complaint in which substantially the same allegation is set forth.

- Count III of the *Bishop* complaint alleges that defendant Electronic Arts utilizes the names, likenesses and identities of plaintiff and the members of the class without their consent in violation of the California Common Law. This Court corresponds to Count III of the *Keller* complaint in which substantially the same allegation is set forth.

- Count IV of the *Bishop* complaint alleges that the defendants conspired and combined with each other to deprive plaintiff and the members of the class of their right to protect their names, likenesses, right to publicity and their contractual property rights. This Count corresponds to Count IV of the *Keller* complaint in which substantially the same allegation is set forth.

---

[2] Consolidation will not affect resolution of the motions to dismiss filed in the *Keller* Action. *See* Stipulation Extending Time to File and Serve Responsive Pleadings (Doc. 5, *Bishop* Action).

- Count V of the *Bishop* complaint alleges that the conduct of Electronic Arts constitutes unfair, unlawful and fraudulent business practices in violation of Section 17200 *et seq.* of the California Business and Professions Code. This Count is substantially similar to Count V of the *Keller* complaint in which substantially the same allegation is set forth.

- Count VI of the *Bishop* complaint alleges that the conduct of the NCAA described in the complaint constitutes a breach of the contracts between the NCAA and the plaintiff class. This Count is substantially similar to Count VI of the *Keller* complaint in which the same allegation is set forth.

- Count VII of the *Bishop* complaint alleges that, as a result of the conduct alleged in the complaint, defendant Electronic Arts has been unjustly enriched at the expense of plaintiff and the class. This Count is substantially similar to Count VII of the *Keller* complaint in which the same allegation is set forth.

Finally, the complaint in each of the two Actions identify *thirteen* common questions of fact and law. *Compare* Doc. 1, *Bishop* complaint, at ¶ 53 *with* Doc. 1, *Keller* complaint, at ¶ 61.

Accordingly, because the *Bishop* complaint is substantially similar to the *Keller* complaint with respect to the description of the plaintiff class, the entities named as defendants, the claims asserted against the defendants, and thirteen common questions of fact and law, the Actions are appropriately consolidated pursuant to Rule 42(a).

## V. CONCLUSION

For the foregoing reasons, plaintiff Bishop respectfully requests this Court enter an order consolidating the *Bishop* Action with the *Keller* Action.

Respectfully submitted,

DATED: October 15, 2009         WEINSTEIN KITCHENOFF & ASHER LLP

/s/David H. Weinstein (SBN 43167)
David H. Weinstein

Steven A. Asher
Mindee J. Reuben
Jeremy S. Spiegel
1845 Walnut Street, Suite 1100

Philadelphia, Pennsylvania   19103
Telephone: (215) 545-7200
Facsimile: (215) 545-6535

| | |
|---|---|
| Joseph C. Kohn<br>Robert J. LaRocca<br>KOHN SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, Pennsylvania 19107<br>Phone: (215) 238-1700<br>Fax: (215) 238-1968<br>Email: jkohn@kohnswift.com | Roberta D. Liebenberg<br>Donald L. Perelman<br>FINE, KAPLAN AND BLACK, R.P.C.<br>1835 Market Street, Suite 2800<br>Philadelphia, Pennsylvania 19103<br>Phone: (215) 567-6565<br>Fax: (215) 568-5872<br>Email: rliebenberg@finekaplan.com |
| Gerald J. Rodos<br>Jeffrey B. Gittleman<br>BARRACK RODOS & BACINE<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, Pennsylvania 19130<br>Phone: (215) 963-0600<br>Fax: (215) 963-0838<br>Email: grodos@barrack.com | Howard J. Sedran<br>Austin B. Cohen<br>LEVIN, FISHBEIN, SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, Pennsylvania 19106<br>Phone: (215) 592-1500<br>Fax: (215) 592-4663<br>Email: hsedran@lfsblaw.com |

*Attorneys for Plaintiff Bryon Bishop in the Potentially Consolidated Case Bryon Bishop v. Electronic Arts, Inc., et al., Case No. CV-09-4128 (CW).*

# CERTIFICATE OF SERVICE

I, David H. Weinstein, declare that I am over the age of 18 and not a party to the entitled actions. I am a partner in the law firm of Weinstein Kitchenoff & Asher LLC, and my office is located at 1845 Walnut Street, Suite 1100, Philadelphia, Pennsylvania 19103.

On October 15, 2009, I served copies of **PLAINTIFF BRYON BISHOP'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF BISHOP AND KELLER ACTIONS PURSUANT TO FED. R. CIV. P. 42** with the Clerk of Court using the Official Court Electronic Document Filing System, which served copies on all interested parties registered for electronic filing.

I also certify that I caused true and correct Chambers Copies of the foregoing documents(s) to be delivered via Federal Express to the following Judge pursuant to Civil L.R. 3-12(b) by noon of the following day:

The Hon. Claudia Wilken
U.S.D.C., Northern District of California
Oakland Division
1301 Clay Street, Suite 400 S
Oakland, CA 94612-5212

I declare under penalty of perjury that the foregoing is true and correct.

Date:  October 15, 2009                         By: /s/David H. Weinstein