Gregory L. Curtner (*Pro Hac Vice*)
curtner@millercanfield.com
Robert J. Wierenga (SBN183687)
wierenga@millercanfield.com
Kimberly K. Kefalas (*Pro Hac Vice*)
kefalas@millercanfield.com
Atleen Kaur (*Pro Hac Vice*)
kaur@millercanfield.com
Suzane L. Wahl (*Pro Hac Vice*)
wahl@millercanfield.com
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
101 North Main St., 7th Floor
Ann Arbor, MI 48104
Telephone: (734) 663-2445
Facsimile: (734) 663-8624

Jason A. Geller (SBN168149)
Glen R. Olson (SBN111914)
David Borovsky (SBN 216588)
LONG & LEVIT LLP
465 California Street, 5th Floor
San Francisco, CA 94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392

Attorneys for Defendant
National Collegiate Athletic Association

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| BYRON BISHOP, individually and on behalf of himself and all others similarly situated,<br>Plaintiff,<br>v.<br>ELECTRONIC ARTS, INC., NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, and COLLEGIATE LICENSING COMPANY,<br>Defendants. | Case No. 09-4128 (CW)<br><br>**OPPOSITION OF DEFENDANT NCAA TO PLAINTIFF'S MOTION FOR CONSOLIDATION OF BISHOP (CV-09-4128(CW)) AND KELLER (CV-09-1967(CW)) ACTIONS PURSUANT TO FED. R. CIV. P. 42**<br><br>Date: November 17, 2009<br>Time: 2:00 p.m.<br>Judge: Hon. Claudia Wilken<br>Courtroom: 2, 4th Floor |

**OPPOSITION OF DEFENDANT NCAA TO PLAINTIFF'S MOTION FOR CONSOLIDATION**
Case Nos. 09-cv-4128 (CW) and 09-cv-1967 (CW)

## INTRODUCTION

Plaintiff moves for the consolidation of *Bishop v. NCAA*, Case No. CV-09-4128 ("*Bishop*"), and *Keller v. Electronic Arts*, Case No. CV-09-1967 ("*Keller*"). While Defendant NCAA does not oppose the consolidation of *Bishop* and *Keller*, it notes that the *Keller* plaintiff has filed a joint motion to consolidate his case with *O'Bannon v. NCAA*, Case No. CV-09-3329 ("*O'Bannon*"). NCAA has written in opposition of the consolidation of *Keller* and *O'Bannon* and further opposes any consolidation of *Bishop* and *O'Bannon*.

## LEGAL STANDARD

Consolidation of cases in the same district is permissible when actions involving a common question of law or fact are pending before the Court. Fed. R. Civ. P. 42(a). A decision on a motion to consolidate requires examination of the parties, claims and factual predicates at issue in each operative complaint. *Levitte v. Google, Inc.*, No. C 08-03369, 2009 U.S. Dist. LEXIS 18198, at *4 (N.D. Cal. Feb. 25, 2009). If cases are pending in the same district and have the same essential issues of law and fact, consolidation is generally a matter of discretion for the Court. *See, e.g., Lewis v. City of Fresno,* No. CV-F-08-1062, 2009 U.S. Dist. LEXIS 57083, at *2 (E.D. Cal. July 6, 2007).

## ARGUMENT

**I.   THE NCAA DOES NOT OPPOSE THE CONSOLIDATION OF THE *BISHOP* AND *KELLER* CASES**

The NCAA does not oppose the consolidation of *Bishop* and *Keller*. The two cases involve common issues of fact and law, identify the same plaintiff class, name the same defendants, and allege substantially the same claims against the defendants.

**II.   *BISHOP* SHOULD NOT BE CONSOLIDATED WITH *O'BANNON***

*Bishop* should not, however, be consolidated with *O'Bannon*. Although Plaintiff's motion requests consolidation with only *Keller* on its face, there is a pending motion to consolidate

*Keller* and *O'Bannon*. Just like *Keller*, *Bishop* cannot properly be consolidated with *O'Bannon*.

### A. ***Bishop* and *O'Bannon* do not involve common issues of fact and law**

*Bishop* and *O'Bannon* do not involve common issues of fact and law. *Bishop* is a case brought under California and Indiana state law against EA, the NCAA and CLC, in which *Bishop* alleges a right to damages for himself and on behalf of a purported class of current college football and basketball players based on theories of statutory and common law rights of publicity, breach of contract, and unjust enrichment. Bishop alleges that EA appropriated his and other student-athletes' likenesses for use in two video games, that EA, the NCAA and CLC engages in a civil conspiracy to enable that to happen, that CLC and EA were unjustly enriched by that activity, and that the NCAA breached an alleged contract with Bishop and other student-athletes in purportedly "allowing" EA to engage in the alleged appropriation.

*O'Bannon*, on the other hand, is a federal antitrust case against NCAA and CLC only. O'Bannon alleges that certain NCAA practices "restrain trade" in a purported "collegiate licensing market" (or some other related market) and allege both *per se* and rule of reason violations of the Sherman Act. The *O'Bannon* complaint purports to include separate classes for both damages and injunctive relief. Specifically, *O'Bannon* alleges that NCAA rules – and in particular, a form regarding the use of student-athletes to promote charitable, non-profit, institutional and NCAA events – operate as a wide-ranging conspiracy in restraint of trade that restricts the manner in which schools and conferences "negotiate" with student-athletes regarding compensation for the use of their images after graduation. O'Bannon alleges that this "conspiracy" somehow affects the markets for DVDs, television rights to classic games, video clips, photos, action figures, trading cards, and posters, as well as video games.

These cases are fundamentally different in fact and in law. Moreover, even if *Bishop* and *O'Bannon* were factually related, the disparity of their legal claims would be sufficient to deny

the motion for consolidation. In *E.E.O.C. v. Pan American World Airways, Inc.*, No. C-81-3636 RFP, 1987 WL 97215, at *2 (N.D. Cal. Dec. 3, 1987), the Court found that both actions arose out of essentially the same operative facts, that the primary defendants were the same, that the actions shared a plaintiff, and that the plaintiff sought the same legal and equitable relief. However, despite this "considerable factual overlap," the Court found the two cases to be completely dissimilar in law and denied the motion for consolidation. The plaintiffs in *Keller* and *O'Bannon* have argued that the disparate claims alleged in their complaints are more similar than those in *Pan American* – even though one of the cases at issue contained a claim of federal age discrimination and other a claim of California age discrimination. If these claims were "completely dissimilar," *Bishop*'s state law theories of violations of right of publicity, breach of contract and unjust enrichment must be infinitely dissimilar from *O'Bannon*'s federal antitrust claims.

The dissimilarity of the facts underlying *Bishop* and *O'Bannon*, combined with the dissimilarity of their legal claims and the added layer of complexity that accompanies any antitrust action, demands that *Bishop* and *O'Bannon* not be consolidated.

**B.     Consolidation of *Bishop* and *O'Bannon* would be inefficient and create prejudice and confusion**

The consolidation of *Bishop* and *O'Bannon* would be inefficient and create prejudice and cause confusion. First, any consolidation would be premature, as the defendants have already filed motions to dismiss and to transfer venue in *O'Bannon*. If the Court grants any of the pending motions, this motion will be moot, as there will be nothing to consolidate.

Second, there will be no efficiency benefit to combining two such different cases. Rather than creating efficiencies and eliminating duplicative proceedings and simplifying the course of the litigation, consolidation of *Bishop*'s state law publicity rights claims with the complex antitrust issues raised by the *O'Bannon* complaint would add complexity and confusion. *O'Diah*

**OPPOSITION OF DEFENDANT NCAA TO PLAINTIFF'S MOTION FOR CONSOLIDATION**
Case Nos. 09-cv-4128 (CW) and 09-cv-1967 (CW)

*v. Univ. of California*, No. C-90-0915 RFP, 1991 U.S. Dist. LEXIS 13468, at *12 (N.D. Cal. Sept. 19, 1991).

Finally, the *O'Bannon* plaintiff has claimed that he plans to eventually file a complaint that will unite his claims with the claims in *Keller* (and, by extension, in *Bishop*).[1]  However, the Court should disregard these claims and decide the consolidation motions before it on the basis of the complaints current before it – not a complaint that a plaintiff wished he filed or may intend to file in the future.

## **CONCLUSION**

Defendant NCAA does not oppose Plaintiff's motion for consolidation with *Keller*. However, *Bishop* should not be consolidated with *O'Bannon*.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:   */s/Robert J. Wierenga*
        Robert J. Wierenga (SBN183687)
        Attorneys for National Collegiate Athletic Association
        101 North Main St., 7th Floor
        Ann Arbor, MI 48104

Dated:  October 27, 2009

---

[1] When, exactly, the *O'Bannon* plaintiff will actually file his amended complaint is anyone's guess. On September 16, 2009, the *Keller* and *O'Bannon* plaintiffs claimed they would file an amended complaint "within 10 days of the issuance of any order consolidating the actions." *See Keller* Dkt. Entry No. 81 ("Plaintiffs' Joint Motion for Appointment of Interim Co-Lead Counsel"). But on October 21, 2009, the plaintiffs claimed they would require "30 days after any order granting consolidation is entered" to file an amended complaint. *See O'Bannon* Dkt. Entry No. 108 ("Consolidated Reply to Opposition to Motion to Consolidate Actions").

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the e-mail addresses registered.

> By: */s/ Robert J. Wierenga*
> Robert J. Wierenga (SBN 183687)
> MILLER, CANFIELD PADDOCK AND STONE
> Attorneys for Defendant NCAA

17378099.1\063863-00042

**OPPOSITION OF DEFENDANT NCAA TO PLAINTIFF'S MOTION FOR CONSOLIDATION**
Case Nos. 09-cv-4128 (CW) and 09-cv-1967 (CW)