Bishop v. Electronic Arts, Inc., et al ............................................................................................ Doc. 32

Case4:09-cv-04128-CW   Document32   Filed12/10/09   Page1 of 8

1  Steven A. Asher (*Pro Hac Vice*)
2  David H. Weinstein (SBN 43167)
   Mindee J. Reuben
3  Jeremy S. Spiegel
   WEINSTEIN KITCHENOFF & ASHER LLC
4  1845 Walnut Street, Suite 1100
   Philadelphia, Pennsylvania  19146
5  Telephone: (215) 545-7200
6  Facsimile: (215) 545-6535
   Email:  asher@wka-law.com
7
   Karl Olson, Esquire (SBN 104760)
8  RAM & OLSON LLP
9  555 Montgomery Street, Suite 820
   San Francisco, CA 94111
10 Telephone 415-433-4949
   Facsimile 415-433-7311
11

12 *Attorneys for Plaintiff Bryon Bishop*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRYON BISHOP, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS, INC., NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and COLLEGIATE LICENSING COMPANY,<br><br>Defendants. | CIVIL ACTION NO. CV-09-4128 (CW)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  December 17, 2009<br>Time:  2:00 p.m.<br>Judge:  Hon. Claudia Wilken<br>Courtroom:  2, 4th Floor |

**JOINT CASE MANAGEMENT STATEMENT**
Case No. CV-09-4128 (CW)

2009.2009

Dockets.Justia.com

On December 9, 2009, the undersigned parties met and conferred in advance of the December 17, 2009 Case Management Conference. In light of the pending motions to consolidate and dismiss, the parties agreed that it was premature to discuss discovery at this time. Therefore, the parties hereby submit this Case Management Statement which reflects the early stage of these proceedings.

1. <u>Jurisdiction and Venue</u>: The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (d) because the amount in controversy for the purported class exceeds $5,000,000. There are no issues regarding personal jurisdiction and no parties remain to be served. Defendants have moved to transfer the venue of a related case, *O'Bannon v. NCAA, et al.*, to the United States District Court for the Southern District of Indiana, and reserve the right to file a similar motion in this matter if their motion to transfer *O'Bannon* is granted. Plaintiff Bishop intends to oppose any motion by defendants to transfer venue of this action.

2. <u>Facts</u>: Plaintiff is a former college football player. He alleges, on behalf of himself and a class of other former and current college football and basketball players, that Defendants unlawfully used Plaintiffs' likenesses in video games and asserts causes of action for statutory and common law violation of his right of publicity, conspiracy, unfair competition, breach of contract, and unjust enrichment. Defendants deny that they use Plaintiff's likeness in any video games, which is the basis for all of his claims. Defendants further deny that they, individually or together, have violated Plaintiff's right of publicity, have unlawfully conspired, unfairly competed with Plaintiff, breached any contract with Plaintiff, or been unjustly enriched at Plaintiff's expense.

3. <u>Legal Issues</u>:  The principal legal issues are set forth in Plaintiff's Prayer for Relief in his complaint, in detail in Defendants' motions to dismiss the related *Keller* case and Plaintiff Keller's opposition thereto, and in Defendant Electronic Arts, Inc.'s Special Motion to Strike in the *Keller* case and the opposition thereto.

4. <u>Stipulation re Defendants' Time to Move or Answer</u>:  In view of the fact that the allegations in the *Bishop* complaint are substantially similar to the allegations in the *Keller* complaint, and because Defendants' motion to dismiss the *Keller* case is fully briefed and scheduled for argument, plaintiff Bishop and Defendants have entered into a stipulation extending the time for Defendants to move or answer in response to the *Bishop* complaint until 30 days after the entry of this Court's order deciding the motion to dismiss *Keller*.

5. <u>Motion to Consolidate</u>:  Plaintiff Bishop has moved to consolidate the *Bishop* and *Keller* cases.  Plaintiff Bishop is aware that the Keller and O'Bannon plaintiffs have moved to consolidate those two actions.  Plaintiff Bishop does not support the consolidation of this action with the *O'Bannon* action.

6. <u>Motion for Appointment of Lead Counsel</u>:  Plaintiff Bishop believes that the appointment of interim lead counsel should be deferred until after the Court rules on the pending motions to consolidate.

7. <u>Evidence Preservation</u>:  The parties have informed one another that each has taken appropriate action to preserve evidence likely to be relevant and/or related to the issues raised by the Plaintiff's Complaint, including evidence in electronic form.  Plaintiff attempted to identify exactly what Defendants were doing to preserve such evidence, but Defendants would only confirm that they were fulfilling their obligations

**JOINT CASE MANAGEMENT STATEMENT**
Case No. CV-09-4128 (CW)

2009.2009

under law.  Neither party has waived any right regarding the preservation of evidence.

8. <u>Disclosures</u>:  As described above, in light of the unsettled nature of the pleadings and the pending motions to consolidate and dismiss, the parties believe it is premature to exchange initial disclosures at this time.

9. <u>Discovery</u>:  As described above, in light of the unsettled nature of the pleadings and the motions to consolidate and dismiss, the parties believe that it is premature to discuss a discovery plan at this stage.

10. <u>Class Action</u>:   In light of the unsettled nature of the pleadings and the pending motions to consolidate and dismiss, the parties believe that it is premature to discuss any proposal for how and when to address class certification.

11. <u>Related Cases</u>:  Several cases have been filed that are related to this case, including the following that have been filed in this Court:  *Keller v. Electronic Arts, et al.* (CV-09-1967); *O'Bannon, Jr. v. National Collegiate Athletic Association*, et al. (CV-09-3329); *Newsome v. National Collegiate Athletic Association, et al.*  (CV-09-4882); *Anderson v. National Collegiate Athletic Association, et al.*  (CV-09-5100); *Wimprine v. National Collegiate Athletic Association, et al.*  (CV-09-5134); *Jacobson v. National Collegiate Athletic Association, et al.*  (CV-09-5372); and *Rhodes v. National Collegiate Athletic Association, et al.*  (CV-09-5378).

In addition, the following cases are pending in federal court in Tennessee and also relate to the alleged unauthorized use of college athletes' likenesses in video games: *Hubbard v. Electronic Arts, Inc*., United States District Court for the Eastern District of Tennessee, Case No. CV-09-233; *Hubbard v. Electronic Arts Inc*., United States District Court for the Eastern District of Tennessee, Case No. CV-09-234; and *Nuckles v.*

*National Collegiate Athletic Association, et al.*, United States District Court for the Eastern District of Tennessee, Case No. CV-09-236.

In addition, the following action is pending in federal court in New Jersey and also relates to the alleged unauthorized use of athletes' likenesses in video games: *Hart et al. v. Electronic Arts, Inc.*, Case No. 09-cv-05990-FLW-LHG.

12. <u>Relief</u>:  Plaintiff seeks:

A. Certification of the action as a class action pursuant to the Federal Rules of Civil Procedure;

B. A declaration by this Court that Defendants' conduct constituted a conspiracy, and that they are each jointly and severally liable for the conduct of or damage inflicted by any other defendant;

C. Actual damages, statutory damages, punitive damages, and such other relief as provided by the statutes cited herein;

D. Disgorgement of all profits earned by Defendants from the sale of video games containing the likenesses of Plaintiffs and the class;

E. Pre-judgment and post-judgment interest on such monetary relief;

F. The costs of bringing this suit, including reasonable attorneys' fees; and

G. All other relief to which Plaintiff and the class may be entitled at law or in equity.

13. <u>Settlement and ADR</u>:  In light of the unsettled nature of the pleadings and the pending motions to consolidate and dismiss, the parties believe it is premature to discuss the prospects for settlement at this stage. But the parties are open, at an

appropriate later date, to all reasonable mechanisms the court believes will help facilitate a timely resolution of this case.

14. <u>Consent to Magistrate Judge for All Purposes</u>:  All parties do not consent to the use of a magistrate judge to conduct all further proceedings.

15. <u>Other References</u>:  In light of the unsettled nature of the pleadings and the pending motions to consolidate and dismiss, the parties believe that it is premature to discuss the prospects for reference to arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

16. <u>Narrowing of Issues</u>:  In light of the unsettled nature of the pleadings and the pending motions to consolidate and dismiss, the parties believe that it is premature to discuss the prospect of narrowing the issues.

17. <u>Expedited Schedule</u>:  The parties do not believe that this is the type of case that could be handled on an expedited basis.

18. <u>Scheduling</u>:  In light of the unsettled nature of the pleadings and the pending motions to consolidate and dismiss, the parties believe it is premature to discuss scheduling for the designation of experts, discovery, hearing of dispositive motions, pretrial conference, and trial.

19. <u>Trial</u>:  The parties currently anticipate that this matter will be tried before a jury.  In light of the unsettled nature of the pleadings and the pending motions to consolidate and dismiss, the parties believe that it is premature to estimate the length of trial.

20. <u>Disclosure of Non-party Interested Entities or Parties</u>:  Each party has filed the "Certification of Interested Entities or Parties."  In addition, the parties individually state as follows:

Defendant Electronic Arts Inc. has no parent corporation or publicly held corporation owning 10% or more of its shares.

Defendant National Collegiate Athletic Association has no parent corporation or publicly held corporation owning 10% or more of its shares.

Defendant Collegiate Licensing Company's parent corporation is IMG Worldwide, Inc., owning 10% or more of its shares.

                    Respectfully submitted,

                    WEINSTEIN KITCHENOFF & ASHER LLC.

Dated: December 10, 2009      By: <u>/s/ Steven A. Asher</u>
                                        Steven A. Asher (*pro hac vice*)
                                        Attorneys for Plaintiff

Dated: December 10, 2009      By: <u>/s/ Robert J. Wierenga</u>
                                        MILLER CANFIELD PADDOCK & STONE PLC
                                        Robert J. Wierenga (SBN 183687)
                                        Attorneys for Defendant NCAA

Dated: December 10, 2009      By: <u>/s/ R. James Slaughter</u>
                                        R. James Slaughter (SBN 192813)
                                        KEKER & VAN NEST LLP
                                        Attorneys for Defendant Electronic Arts Inc.

Dated: December 10, 2009      By: <u>/s/ Charles Henn</u>
                                        Charles Henn (*pro hac vice*)
                                        KILPATRICK STOCKTON LLP
                                        Attorneys for Defendant CLC

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system which will send notification to the e-mail addresses registered.

By: <u>/s/ Steven A. Asher</u>
Steven A. Asher (*pro hac vice*)
WEINSTEIN KITCHENOFF & ASHER LLC
Attorneys for Plaintiff Bryon Bishop