

415.633.1908 ph
415.358.4980 fax

44 Montgomery Street
Suite 3400
San Francisco, CA 94104

Jon T. King
jking@hausfeldllp.com

January 11, 2010

**VIA HAND DELIVERY**

The Hon. Claudia Wilken
United States District Court
Northern District of California
Oakland Division
1301 Clay Street, Suite 400 S
Oakland, CA 94612-5212

    Re:    *Keller v. Electronic Arts, Inc., et al.*, Case No. C 09-01967 CW ("*Keller*");
*O'Bannon, Jr. v. NCAA, et al.*, Case No. C 09-03329 CW ("*O'Bannon*");
*Bishop v. Electronic Arts, Inc., et al.*, Case No. C 09-04128 CW ("*Bishop*");
*Newsome v. NCAA, et al.*, Case No. C 09-04882 CW ("*Newsome*");
*Anderson v. NCAA, et al.*, Case No. C 09-05100 CW ("*Anderson*");
*Wimprine v. NCAA, et al.*, Case No. C 09-05134 CW ("*Wimprine*");
*Jacobson v. NCAA, et al.*, Case No. C 09-05372 CW ("*Jacobson*");
*Rhodes v. NCAA, et al.*, Case No. C 09-05378 CW ("*Rhodes*")
(collectively, informally known as the "*NCAA Cases*")

Dear Judge Wilken:

    We are among the counsel for Plaintiff Samuel Keller and Plaintiff Edward O'Bannon, Jr., respectively, in the above-captioned *Keller* and *O'Bannon* actions. On December 17, 2009, the Court held a hearing on numerous motions in the *NCAA Cases*, including (1) a motion to appoint the undersigned firms – Hagens Berman Sobol Shapiro LLP ("HBSS") and Hausfeld LLP ("Hausfeld") – as interim co-lead counsel for the plaintiff classes; and (2) a motion to consolidate the *Keller* and *O'Bannon* cases, as well as a Case Management Conference.

    We write to apprise the Court of the discharge of our duties to confer on the interim co-lead counsel appointment and consolidation issues with counsel for all plaintiffs in the *NCAA Cases*. Specifically, at the December 17th hearing, the Court stated the following with respect to the *O'Bannon* and *Keller* actions, as well as all of the other *NCAA Cases*:

HAUSFELD LLP

The Hon. Claudia Wilken
1/11/2010
Page 2

> In terms of consolidation, I'm generally inclined to consolidate for all purposes with the possible exception of trial. And if I do consolidate all the cases, and it turns out that the trial isn't manageable with all those issues, then we can always de-consolidate and pick and choose what issues should be tried together or separately.
>
> But in terms of scheduling and case management and discovery, I think it makes most sense to consolidate them and do the things in the most efficient way that we can.

*See* 12/17/09 Hearing Tr., 8:25 – 9:8.

The Court later stated the following:

> As far as all the other cases, most of them, I guess, are amenable to consolidation and agreeable to you all as being lead counsel, but it's not clear that everyone is. Maybe you can try to talk to them all and see if you can reach some sort of agreement?

*Id.*, 68:6 – 68:11.

The Court's Minute Order dated 12/17/09 further stated that "[p]arties to meet and confer re interim lead counsel . . ." *See Keller* Dkt. Entry No. 141.

The undersigned have extensively conferred with counsel for plaintiffs in all of the *NCAA Cases*. We have authority to convey that all plaintiffs in the *NCAA Cases* support consolidation of all actions. All of the plaintiffs support appointment of HBSS and Hausfeld as interim co-lead class counsel except the plaintiff in the *Bishop* action. Plaintiff's counsel in the *Bishop* action would like certain assurances of priority work assignments with respect to the *Keller* right of publicity claims, and the proposed co-lead firms are unable to give those assurances.

The undersigned previously submitted two [Proposed] Orders with respect to their joint motions regarding consolidation and the appointment of interim co-lead counsel for the proposed classes. *See Keller* Dkt. Entry Nos. 69, 81 (motions) and 69-2, 81-3 ([Proposed] Orders). With respect to consolidation, all of the above-captioned cases other than *Keller* and *O'Bannon* were filed subsequent to the motion to consolidate. We therefore have submitted an Amended [Proposed] Order that (1) encompasses all of the above-captioned cases; and (2) reflects that a Consolidated Amended Complaint will be filed within thirty (30) days after issuance of the Court's last-filed Order on the pending motion to consolidate; the pending motions to dismiss the *Keller* and *O'Bannon* complaints (*Keller* Dkt. Entry Nos. 34, 47, and 48; *O'Bannon* Dkt. Entry Nos. 91, 92); Defendant Electronic Arts Inc.'s pending motion to strike all causes of action

**HAUSFELD**LLP

The Hon. Claudia Wilken
1/11/2010
Page 3

in the *Keller* Complaint (Dkt. Entry No. 35); and Plaintiffs Samuel Michael Keller's and Edward C. O'Bannon, Jr.'s Motion for Appointment of Interim Co-Lead Counsel Pursuant to Federal Rule of Civil Procedure 23(g)(3) (*Keller* Dkt. Entry No. 81).

      In the original [Proposed] Order, Plaintiffs requested that the deadline for filing the Consolidated Amended Complaint be within ten (10) days of the issuance of any order granting consolidation. However, Plaintiffs had sought to stay briefing on motion to dismiss practice at that time (*see Keller* Dkt. Entry No. 70, Motion to Extend All Deadlines Pending Determination on Motion to Consolidate Actions) (not ruled upon). Plaintiffs did not envision at the time needing to incorporate any guidance from the Court in orders on the motions to dismiss, nor did they envision needing to coordinate with six other plaintiffs and sets of counsel. Given the changed circumstances, thirty (30) days is an appropriate deadline.

      With respect to the appointment of interim co-lead counsel for the putative classes, the undersigned also have submitted herewith an Amended [Proposed] Order. The Court and Plaintiff O'Bannon's counsel Michael Hausfeld had the following exchange at the December 17th hearing:

> THE COURT: And in terms of interim lead counsel, your idea was that your firm and . . . [the] Hagens Berman firm would be co-lead counsel, one concentrating on the antitrust and one concentrating on the right of publicity?
>
> MR. HAUSFELD: Yes, and because of the fact that there would be clearly overlap in terms of the discovery that there be coordination as result of that.

12/17/09 Hearing Tr., 67:20 - 68:5.

      Plaintiffs' original [Proposed] Order was not specific on the primary responsibilities for the various claims, and the accompanying Amended [Proposed] Order corrects that omission.

      Given the substantial time that these matters have been pending, we respectfully request expedited consideration and entry of the attached Amended [Proposed] Orders so that HBSS and Hausfeld may begin formally coordinating the future prosecution of this litigation

      Please let us know if there is any more information that we can provide to the Court on these matters.

HAUSFELD LLP

The Hon. Claudia Wilken
1/11/2010
Page 4
.

       Sincerely,

       /s/ Jon T. King_____        /s/ Robert B. Carey_____
       Jon T. King        Robert B. Carey
       Hausfeld LLP        Hagens Berman Sobol Shapiro LLP
       Counsel for Plaintiff O'Bannon        Counsel for Plaintiff Keller

Attachments (two Amended [Proposed] Orders)

cc:    All Counsel on Registered in ECF System in the *NCAA Cases*

HAUSFELD LLP

The Hon. Claudia Wilken
1/11/2010
Page 5

I, Jon T. King, am the ECF User whose ID and password are being used to file this

**LETTER FROM JON T. KING AND ROBERT B. CAREY TO THE HON. CLAUDIA WILKEN**

In compliance with General Order 45, X.B., I hereby attest that Robert B. Carey has concurred in this filing.

## CERTIFICATE OF SERVICE

I, Jon T. King, declare that I am over the age of eighteen (18) and not a party to the entitled action. I am a partner in the law firm of HAUSFELD LLP, and my office is located at 44 Montgomery Street, Suite 3400, San Francisco, California 94104.

On January 11, 2009, I filed the following:

**LETTER FROM JON T. KING AND ROBERT B. CAREY TO THE HON. CLAUDIA WILKEN**

with the Clerk of the Court using the Official Court Electronic Document Filing System which served copies on all interested parties registered for electronic filing.

I also certify that I caused true and correct Chambers Copies of the foregoing document(s) to be hand-delivered to the following Judge pursuant to Civil L.R. 3-12(b) by noon of the following day:

The Hon. Claudia Wilken
U.S.D.C., Northern District of California
Oakland Division
1301 Clay Street, Suite 400 S
Oakland, CA 94612-5212

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Jon T. King
JON T. KING